Case 5:24-cv-00027-RWS Document 1 Filed 02/26/24 Page 5 of 106 PageID #: 126

Titus County - District Clerk

Marcus Carlock
District Clerk
Titus County, Texas
Debbie Swindler

CAUSE NO. 43409

| | | |
|---|---|---|
| **CHRISTIAN VELAZQUEZ** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| V. | § | 76/276th |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| **APL CARGO, INC.** | § | |
| *Defendant* | § | |
| | § | TITUS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Christian Velazquez, Plaintiff, complaining of and about APL Cargo, Inc., Defendant, and for causes of action respectfully shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2 of Texas Rule of Civil Procedure 190.3.

### II. CLAIMS FOR RELIEF

2. Plaintiff seeks monetary relief of over $1,000,000.00.

### III. PARTIES

3. Plaintiff, Christian Velazquez, is an individual who resides in Millerscove, Titus County, Texas.

4. Defendant, APL Cargo, Inc. ("Defendant APL") is an Indiana corporation that may be served with process by serving its registered agent, Stefan Trifan, at its principal office located at 11738 W. US Highway 24, Wolcott, Indiana, or wherever it may be found.

## IV. VENUE AND JURISDICTION

5. Venue for this action is proper in Titus County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002 because the incident in question occurred there. Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

## V. FACTS

6. On or about May 11, 2023, Plaintiff was working for his employer JS Truck Repair as a diesel mechanic. Plaintiff was called to perform a roadside repair off of I-130 on a tractor trailer that was having brake issues.

7. When Plaintiff arrived at the scene, Plaintiff made contact with the driver of the 18-wheeler, Nadir Anwar Mujahid ("Mr. Mujahid" or "Defendant's employee"). Mr. Mujahid was operating a vehicle owned, leased, and/or otherwise under the control of Defendant APL. Mr. Mujahid was also in the course and scope of his employment for Defendant APL and/or otherwise a statutory employee of APL at the time the incident the basis of the lawsuit occurred.

8. Plaintiff explained to Defendant's employee that in order to diagnose the issue with the brakes, he would have to go under the tractor.

9. Plaintiff explained to the Defendant's driver that Defendant's driver would have to keep the trailer brakes on while releasing the tractor brakes. Once the brakes are released the air leak in the brake line is audible and very noticeable, allowing the mechanics to locate the leak on the brake line.

10. It is necessary that if the brakes on the tractor are released, that the trailer's brakes remain applied to keep the tractor trailer in an idle and stopped position, and vice versa.

11. Before going underneath the tractor, Plaintiff instructed the Defendant's employee to

release the brakes on his tractor while the separate set of brakes on the trailer remained applied to maintain the tractor and trailer in an idle and stopped position.

12. After the Defendant's employee received the instructions, Plaintiff went underneath the tractor, located the leak in the front passenger side brake line, and performed a temporary repair to the brake line by tying it with a zip line.

13. After the first temporary repair was done, the Defendant's driver drove the tractor trailer down the exit of the highway. While doing so, Plaintiff noticed that the brake was still leaking because there was still a hissing sound coming from the brake line. Plaintiff told Defendant's driver and his co-worker who was present at all relevant times that he wanted to apply an additional zip tie to the brake line before Defendant's driver would make the drive to the shop.

14. Plaintiff advised the Defendant's driver that he was going underneath the tractor again to further repair the brake line before it was driven to the shop. Plaintiff reminded the Defendant's driver of his instructions regarding keeping the trailer brake applied when releasing the tractor brake.

15. While Plaintiff was underneath the tractor for a second time reinforcing his initial temporary repair, Defendant's driver released the trailer brake. The tractor trailer began to move forward and seriously injured the Plaintiff who was underneath it.

16. Discovery is still in its infancy and Plaintiff reserves the right to supplement and/or amend her allegations as discovery progresses.

## VI. CAUSES OF ACTION

### VICARIOUS LIABILITY-*RESPONDEAT SUPERIOR*

17. Defendant APL is vicariously liable for negligent acts and/or omissions of its employee under the doctrine of *Respondeat Superior* because its employee, Mr. Mujahid, was in the course

and scope of his employment at the time the negligent acts and/or omissions giving rise to Plaintiff's causes of action occurred. Moreover, Defendant APL is also liable for the negligent acts of Mr. Mujahid because he was a statutory employee of Defendant APL pursuant to the Federal Motor Carrier Safety Regulations.

### Count 1 - NEGLIGENCE

18. The foregoing statement of facts are incorporated herein for all purposes.

19. The acts and/or omissions of Defendant's driver constitute negligence and were the proximate cause of Plaintiff sustaining serious personal injuries and damages. Defendant's driver who was in the course and scope of his employment for Defendant APL, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to other under circumstances similar to those described herein. Defendant's driver breached that duty when he released the two sets of brakes for the tractor and trailer, respectively, contrary to Plaintiff's instructions and while knowing Plaintiff was underneath the vehicle.

20. Plaintiff's serious injuries and damages were proximately caused by Defendant's driver's negligent, careless, and/or reckless disregard of said duty.

21. Accordingly, Plaintiff seeks damages within the jurisdictional limits of the Court.

### VII. DAMAGES

22. As a proximate result of the negligence referenced above, Plaintiff alleges that he sustained damages from which he now suffers and will in all probability continue to suffer into the future as follows:

   a. Medical expenses (past and future):

   b. Pain and suffering (past and future);

   c. Mental anguish (past and future);

    d. Physical impairment (past and future);

    e. Loss of earning capacity (past and future);

    f. Disfigurement (past).

23. Plaintiff seeks actual damages in an amount within the jurisdictional limits of this Court. Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

## VIII. JURY DEMAND

24. Plaintiff demands a jury trial on all issues so triable.

## IX. NOTICE OF SELF-AUTHENTICATION

25. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or trial.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that she be awarded a judgment against Defendants for the following:

    a. Medical expenses in the past;

    b. Medical expenses in the future;

    c. Pain and suffering in the past;

    d. Pain and suffering in the future;

    e. Mental anguish in the past;

    f. Mental anguish in the future;

    g. Physical impairment in the past;

    h. Physical impairment in the future;

i. Loss of earning capacity in the past;

j. Loss of earning capacity in the future;

k. Disfigurement in the past;

l. Pre-judgment and post-judgment interest;

m. Court costs;

n. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**Gonzalez Druker Law Firm, PLLC**
1119 Houston Street
Laredo, Texas 78040
Telephone: (956) 728-9191
Facsimile: (956) 452-9990
E-service: firm@gdlfirm.com

By: /s/ Uriel Druker
  Uriel Druker
  Texas Bar No. 24044867
  Marc Gonzalez
  Texas Bar No. 24049142
  Cristina Alva
  Texas Bar No. 24073846

**ATTORNEYS FOR PLAINTIFF**